## JOHNSON MILLARD
## v.
## JOHN COOPER.

PRACTICE—JUDGMENT FOR COSTS ONLY.—Costs are incidental to the deter-
mination of some other right or question. So, where the judgment of the
court below, upon the question of the validity of a nuncupative will, neither
reversed or affirmed the order of the county court, but was for costs only, it
is inappropriate to the issue made and found, and therefore erroneous.

APPEAL from the Circuit Court of Lake county; the Hon.
C. W. UPTON, Judge, presiding. Opinion filed June 17, 1880.

Mr. W. S. SEARLS, for appellant; as to the competency of
the evidence to establish a nuncupative will, cited Morgan v.
Stevens, 78 Ill. 287; Arnett v. Arnett, 27 Ill. 247; Wier v.
Chidester, 63 Ill. 453; Harrington v. Stees, 82 Ill. 50.

The judgment is erroneous: Walker v. Walker, 2 Scam. 291;
Foltz v. Stevens, 54 Ill. 180.

Mr. E. M. HAINES, for appellee; that the evidence was suf-
ficient to establish the will, cited Weir v. Chidester, 63 Ill. 453;
Harrington v. Stees, 82 Ill. 50.

PLEASANTS, J. This was a trial *de novo*, upon appeal from
an order of the county court, refusing to admit to probate the
alleged nuncupative will of the deceased; and upon the issue
there made the jury found it "to be her last will and testa-
ment."

A motion for a new trial was overruled, and judgment there-
upon entered against the contestants for all the costs, from
which one of them took this appeal.

Upon the record brought here we cannot consider the ques-
tions argued as to the instructions given and refused, and the
sufficiency of the evidence to support the finding, for the reason
that the judgment entered does not involve them. It does
not determine the validity or invalidity of the alleged will, or

the claim of proponents to have it probated, nor reverse or affirm the order of the county court, but is for costs only. Costs are incidental to the determination of some other right or question, but here there is none.

The 21st section of Chap. 33, of the Revised Statutes, provides that "in all cases of appeal from the decision of a county court in matters of probate, the costs shall be in the discretion of the appellate court;" but this implies that the subject-matter of the decision appealed from shall be disposed of.

The judgment for costs only is inappropriate to the issue made and found, and therefore erroneous.  Stephens on Pl. marg. p. 154.

Reversed and remanded.